PURTILL, KLACZAK, and NORKO, JUDGES
After trial by jury, petitioner was convicted of three counts of larceny in the first degree in violation of General Statutes 53a-119 (2), 53a-122 (a)(2) and 53a-8; three counts of conspiracy to commit larceny in the first degree in violation of General Statutes 53a-48 (a), 53a-119 (2) and 53a-122
(a)(2); three counts of larceny in the second degree in violation of General Statutes 53a-119 (2), 53a-123 (a)(2) and 53a-8; four counts of conspiracy to commit larceny in the second degree in violation of General Statutes 53a-48 (a), 53a-119 (2), 53a-123
CT Page 5445 (a)(2); and sixteen counts of racketeering activity in violation of General Statutes 53-395 (b).
Sentences were imposed on all counts. The total effective sentence was fifteen years execution suspended after ten years with five years probation with specific conditions.
Evidence at trial indicated that defendant and others bilked superstitious individuals of considerable sums of money by instilling in them a fear of evil through the use of tricks and rituals.
Petitioner's attorney stressed that the sentences were severe and greatly in excess of what the crimes deserved. He stated that this petitioner, and her mother, also sentenced for the same type of crimes and who appeared before this division in a joint hearing, were products of a persecuted minority. They were gypsies brought up in a separate culture in which the women received no education and were kept apart from the general population. They were trained to support the men by working as fortune tellers and doing the things that the petitioner and her mother did in the present case. If they failed to do these things, they would be considered outcasts. He argued that it would be unfair to hold petitioner to the same standard as others. He also noted that the probation officer who prepared the pre-sentence investigation recommended no incarceration.
The attorney urged a reduction in the sentence. Petitioner, who spoke for both herself and her mother, at the joint hearing, stated that now that they had been separated from their gypsy culture, they had seen the problems that their conduct had caused and they were now remorseful and would never engage in such conduct again.
The state's attorney argued that the sentences were fair. He stated that petitioner's conduct went beyond mere fortune telling. The victims were exploited. This exploitation went beyond monetary loss and resulted in other serious problems to the unfortunates who put their trust in petitioner and the others.
In his remarks at the time of sentencing, the judge pointed out that petitioner's remorse for her actions arose after the verdict. The judge also pointed out that petitioner and her mother preyed upon superstitious victims to obtain the trappings of luxury for themselves and others. He indicated that petitioner and her associates were motivated by greed. The effect of petitioner's conduct on the victims and their families was also noted by the judge. It is noted that petitioner had two previous convictions for fortune telling in 1987.
The crimes which petitioner stands convicted of involved CT Page 5446 modest means. The sentencing judge, who was also the trial judge, had an opportunity to observe petitioner and her mother at close hand throughout the trial and to hear the testimony of these witnesses. He was in a good position to properly assess the credibility of the parties, and to observe those victims who testified
Petitioner has been convicted of a number of separate, serious felony charges. The sentences imposed were well under the maximum which the law provides. Considering the nature of the offenses and the character of the petitioner, the effect on the victims and the need to protect society, it cannot be found that the total sentence was inappropriate or disproportionate. The sentence should not be modified.
The sentence is affirmed.
APPEARANCES: Brian M. O'Connell for petitioner; Christopher Morano, Assistant State's Attorney, for the state.